**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TAUNYA JEFFERSON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CB-7121-15-0010-V-1 |
| v. | |
| DEPARTMENT OF LABOR,<br>　　　　　　Agency. | DATE: May 22, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eleanor J. Lauderdale, Esquire, Washington, D.C., for the appellant.

Candyce Phoenix, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant requests review of an arbitrator's decision regarding her removal. For the reasons set forth below, we DENY the request for review for failure to meet the requirements of 5 C.F.R. § 1201.155(d).

¶2　　　The agency removed the appellant from her position as a Management Staff Assistant with the agency's Office of Unemployment Insurance for unacceptable

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

performance while on a performance improvement plan, and she challenged that action through arbitration pursuant to the negotiated grievance procedure set forth in her collective bargaining agreement. Request for Review (RFR) File, Tabs 1-2, 9 at 21. The appellant subsequently filed this request for Board review of the arbitrator's decision. RFR File, Tabs 1-2.

¶3 The Clerk of the Board issued a February 20, 2015 acknowledgment letter in which he informed the appellant, in pertinent part, that the Board's regulations require that a request for review of an arbitration decision must contain: (1) a statement of the grounds on which review is requested; (2) references to evidence of record or rulings related to the issues before the Board; (3) arguments in support of the stated grounds that refer specifically to relevant documents and that include relevant citations of authority; and (4) legible copies of the final grievance or arbitration decision, the agency decision to take the action, and other relevant documents, which may include a transcript or tape recording of the hearing. RFR, Tab 6; *see* 5 C.F.R. § 1201.155(d). The Clerk further explained that, to the extent that the appellant had not yet complied with those requirements, she may file a supplement to her request for review by March 2, 2015, and that the record would close upon the expiration of the period allotted for the agency to file its response to the appellant's request for review, April 6, 2015. RFR, Tab 6 at 1; *see* 5 C.F.R. § 1201.155(f). The appellant resubmitted a corrected copy of her request for review, RFR, Tab 8, and the agency responded in opposition to the appellant's request, RFR, Tab 9.

¶4 After the record closed, the appellant requested leave to submit a copy of the transcript. RFR, Tab 10. The agency responded in opposition, explaining that, because the appellant failed to show that the transcript was not readily available before the close of the record, she could not meet her burden in order to file it after the record had closed. RFR, Tab 11 at 4-5; *see* 5 C.F.R. § 1201.155(f) ("Once the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available

before the record closed."). The agency also asserted that the appellant's request for review was incomplete because she had failed to file a copy of the agency's decision removing her as required by 5 C.F.R. § 1201.155(d)(4). RFR, Tab 11 at 4-5.[2]

¶5 Although the appellant, who is represented by counsel, provided a copy of the arbitration decision and has explained the grounds on which she bases her request, with apparent citations to the transcript of the arbitration proceedings and to relevant authorities, RFR, Tab 4, she neglected to file the required copy of the agency's decision, or to even address her failure to do so in her subsequent pleadings, *see* RFR, Tabs 10, 12. Because the Clerk of the Board correctly articulated these requirements in its February 20, 2015 acknowledgment letter, the appellant was on notice regarding the requirement for her to submit, among other items, the agency's decision. RFR File, Tab 5. Her failure to fully meet the mandatory requirements of 5 C.F.R. § 1201.155(d) precludes the Board from granting her request for review.

¶6 Moreover, even if she had complied with Board regulation and filed a copy of the agency's decision, the appellant's failure to submit the transcript,[3] or anything at all in support of the allegations set forth in her request for review,

---

[2] The appellant subsequently submitted a request for an extension of time in which to file a reply to the agency's response in opposition to her request for review. RFR, Tab 12. The Clerk of the Board denied the appellant's request because Board regulations do not provide for the filing of a reply to a response to a request for review of an arbitrator's decision. RFR, Tab 13; *see* 5 C.F.R. § 1201.155.

[3] The appellant's request to supplement the record with a copy of the transcript indicates that she had a copy of the transcript in her possession but that she chose not to submit it when the record was still open because she did not have an electronic version of it. RFR, Tab 10 at 4. However, the appellant could have timely submitted the hard copy. Although the appellant's representative registered as an e-filer, the appellant did not do so, and, in any event, the Board's electronic filing regulations do not require the e-filing of any pleading, even for those who register as e-filers. *See* 5 C.F.R. § 1201.14(f). Because the appellant has failed to show that the transcript was unavailable, despite her due diligence, before the close of the record, we deny her request to supplement the record with it. 5 C.F.R. § 1201.155(f).

leaves her unable to overcome the deference afforded the arbitrator's factual determinations.  *See, e.g.*, *Weaver v. Social Security Administration*, 94 M.S.P.R. 447, ¶ 13 (2003) (an arbitrator's factual determinations are entitled to deference unless he erred in his legal analysis, e.g., by misallocating burdens of proof or employing the wrong analytical framework); *Holly v. Department of Health & Human Services*, 92 M.S.P.R. 601, ¶ 10 (2002) (an appellant seeking review of an arbitration decision has the burden of providing the Board with materials necessary to support matters raised on review, including a transcript or tape recording of the arbitration hearing); *Higgs v. Social Security Administration*, 71 M.S.P.R. 48, 51-52 (1996) (employee's unsupported assertions that arbitrator erred in her fact findings were insufficient to show that the arbitrator's findings conflicted with Board substantive law and thus did not provide a basis for setting aside or modifying the arbitrator's award where the record did not contain the hearing transcript or exhibits).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: 	_____
	William D. Spencer
	Clerk of the Board

Washington, D.C.